UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CLYDE BRENT #128230,

        Plaintiff,        Case No. 2:09-cv-168

v.        Honorable Gordon J. Quist

UNKNOWN MCQUIGGIN, et al.,

        Defendants.
_____/

**OPINION**

Plaintiff, a prisoner incarcerated at the G. Robert Cotton Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. On November 10, 2009, this court dismissed Plaintiff's complaint without prejudice for failure to pay the entire initial partial filing fee. As noted previously, Plaintiff was ordered to pay an initial partial filing fee of $17.89 on August 5, 2009. On September 2, 2009, Plaintiff submitted $10.00 towards payment of the initial partial filing fee. Plaintiff also sought an extension of time to pay the remaining $7.89 owed to the court for the initial partial filing fee. Plaintiff's motion was granted, giving him until October 3, 2009, to pay the $7.89. Because of Plaintiff's failure to pay the fee in a timely manner, his case was dismissed for want of prosecution.

Plaintiff has now filed a motion for relief from judgment (docket #6) and a motion to alter or amend judgment (docket #10). In his motions, Plaintiff claims that during the pertinent time period, he was incarcerated at the Chippewa Correctional Facility (URF). Plaintiff states that he made every attempt to have officials at URF submit the initial partial filing fee and offers a copy

of his disbursement authorization, which shows that his request was denied due to non-sufficient funds on September 9, 2009. However, Plaintiff asserts that his trust account statement, which is also attached, shows that he was paid $40.34 on September 3, 2009, and had enough money to pay the $17.89. The court has since received several filing fee installments from Plaintiff, for a total of $179.19 paid to date. The court concludes that Plaintiff's motions (docket #6 and #10) are properly granted and that the court should address the merits of Plaintiff's claims.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

In his complaint, Plaintiff names Food Service Supervisor P. Grobaski, Warden McQuiggin, Food Service Steward Unknown Rhipely, and Corrections Officer Unknown Alexander as defendants. Plaintiff alleges that on November 3, 2008, he lost a portion of his finger as the result of an accident involving a meat slicer / bread slicing machine. Defendants Grobaski and Shipley were working in the kitchen on the day of the incident and Defendant Alexander picked up Plaintiff's finger and delivered it to health services. However, Plaintiff's finger was not able to be reattached.

Plaintiff states that he was never provided with any safety gloves, which are required for safe operation of the machine. In addition, Plaintiff contends that Defendants knew that he had

not been trained on the machine, nor had he been shown any safety videos. Plaintiff appears to be claiming that Defendants' conduct violated the Eighth Amendment. Plaintiff is suing Defendants in their official capacities and is seeking compensatory and punitive damages, as well as injunctive relief.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff appears to be claiming that Defendants violated his Eighth Amendment rights. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but

something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's action concerns workplace safety. The Eighth Circuit has held that the intentional placement of a prisoner in dangerous surroundings can violate the Eighth Amendment, though mere negligence is not sufficient. *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *see also Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994) (applying Eighth Amendment to workplace safety); *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994)

(indicating that it is questionable whether the Eighth Amendment applies to work-related prison injuries). To show deliberate indifference in the context of workplace safety, prisoners must show that their captors have "knowingly compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 882, 882 (8th Cir. 1977).

As noted above, Plaintiff alleges that he was injured by a meat / bread slicer because he had not been properly trained and was not wearing gloves. The factual allegations in Plaintiff's complaint which pertain to the element of deliberate indifference are scant. Plaintiff alleges that there is no structured training program and / or videos and operating manuals on this equipment. Plaintiff also claims that no chain glove is available for prisoners operating the slicer. There is nothing in Plaintiff's allegations which supports an inference that Defendants were deliberately indifferent. The factual allegations in his complaint, at most, support only an inference of negligence. As stated, mere negligence is insufficient to state a claim under the Eighth Amendment. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims.

Furthermore, as noted above, Plaintiff states that he is suing Defendants in their official capacities. Such claims do not state a claim upon which relief can be granted. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, *1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and

Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees.

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 17, 2010              /s/ Gordon J. Quist              
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE